DE YUN CHEN, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General,* Respondent.

No. 06–4056–ag.

United States Court of Appeals, Second Circuit.

June 4, 2008.

Thomas V. Massucci, New York, NY, for Petitioner.

Jaesa W. McLin (Judy K. Hunt, Assistant U.S. Attorney, Tampa, FL, on the brief), Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. PETER W. HALL, Circuit Judges, and Hon. LOUIS F. OBERDORFER, District Judge.**

## SUMMARY ORDER

Petitioner De Yun Chen, a native and citizen of China, seeks review of an August 3, 2006 order of the BIA denying Chen's motion to remand and dismissing his appeal from the February 16, 2005 decision of Immigration Judge ("IJ") William Van Wyke denying Chen asylum, withholding of removal, and CAT relief.[1] *In re De*

---

* Attorney General Michael B. Mukasey is substituted for former Attorney General Alberto Gonzales pursuant to Fed. R.App. P. 43(c)(2).

** The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

1. The BIA affirmed the IJ's underlying decision denying Chen asylum and related relief based on Chen's inability to explain the inconsistencies in his testimony. In his petition for review to this Court, Chen does not challenge this part of the BIA's decision.

*Yun Chen,* No. A72 756 803 (B.I.A. Aug. 3, 2006), *aff'g* No. A72 756 803 (Immig. Ct. N.Y. City Feb. 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In his motion to remand, Chen argued that the BIA should remand his case for the IJ to consider a psychological report, which he asserted explained why he was unable to answer questions about why he had lied at his 1993 hearing before the IJ. Chen's original 1993 asylum application stated that he was seeking asylum based on his wife being subjected to a forced abortion; his subsequent 2004 application stated that his wife had been forcibly sterilized. The psychological report that Chen proffered to the BIA following the IJ's adverse ruling explained that Chen had psychological and cognitive difficulties that had prevented him from testifying truthfully at his 2005 hearing. The BIA denied Chen's motion to remand, explaining that Chen's counsel had over two years, between the first hearing on the motion to reopen in October 2002 and the merits hearing before the IJ in February 2005, to interview Chen, discover his confused mental state and limited cognitive abilities, and seek a psychological evaluation. Counsel's failure to exercise due diligence prior to the IJ hearing, the BIA concluded, was fatal to Chen's motion to remand. Chen's counsel counters that he did not know the extent of Chen's inability to answer questions about the inconsistencies between Chen's prior and current hearing testimony until Chen was unable to answer questions before the IJ at the 2005 hearing. Counsel explained that when he prepared Chen to testify before the IJ, Chen had indicated that his prior attorney told him to make inaccurate statements at his 1993 hearing.

■ We do not reach the question of whether Chen's attorney did or did not exercise due diligence because we conclude that even if believed, Chen's claims would not entitle him to asylum after this Court's decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007). At his merits hearing before the IJ in 2005, Chen testified that his wife had been forcibly sterilized in 1988 and that they had been unable to pay the full amount of a fine levied against them for the birth of their third child. In his accompanying asylum application Chen indicated that the authorities were after him for his failure to pay the fine and that he had gotten into an argument with them. Even if taken as true, these facts do not amount to "other resistance" that would entitle Chen to asylum. *See id.* at 309–10. Because Chen cannot show he is entitled to asylum, he is necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT relief where those claims are based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Because Chen cannot establish that he is entitled to asylum, withholding of removal, or CAT relief as a matter of law, we conclude that remand to the agency would be futile. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005).

For the reasons stated above, the petition for review is DENIED. Having completed our review, petitioner's pending motion for a stay of removal is DISMISSED as moot.